```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

SHAWN TOMLIN                      :     CIVIL ACTION
                                  :
        v.                        :
                                  :
RANDALL E. BRITTON, et al.        :     NO. 09-cv-00848-JF

<u>MEMORANDUM</u>

Fullam, Sr. J.                                      May 27, 2010

A Magistrate Judge filed a Report recommending that this *habeas corpus* action be dismissed as untimely, and that this Court find that there was no probable cause to issue a certificate of appealability. I adopted the Magistrate's Report, except for the issue of appealability. I entered an Order on March 22, 2010, which provided that there is probable cause to issue a certificate of appealability.

The District Attorney's Office filed a Motion for Reconsideration of that aspect of the Order. There is also an appeal pending from that Order, and the Third Circuit Court of Appeals has stayed the appeal pending disposition of the pending motion for reconsideration.

It is undoubtedly correct that the Petition for Writ of *Habeas Corpus* was filed much too late. Petitioner does have a substantial argument, however, that he was deprived of necessary records by the prison authorities, and that the delay in seeking *habeas* relief is therefore subject to equitable tolling.

The government's Motion for Reconsideration stresses the fact that this court did not consider whether there was any

substantial arguable basis for granting a writ of *habeas corpus* – an issue which should perhaps have been considered in balancing the equities.

I have now obtained the state-court record of petitioner's trial. I have no hesitation in concluding that the record of petitioner's trial contains significant evidence to the effect that petitioner did not receive a constitutionally fair trial. For example, the first several pages of the trial transcript consist of the trial Judge (Honorable Ricardo Jackson) trying to convince petitioner that he would be better off if the case were disposed of without a trial. The Judge went so far as to argue that, if petitioner insisted upon a jury trial, he would be giving up his right to sympathetic treatment, and could expect nothing but strict justice.

At another stage of the trial, the jury sent in a note requesting that the testimony of a specified witness be read back to the jury. The witness in question was the only eye witness whose testimony was to the effect that the perpetrator was not the petitioner. Without discussing the issue with counsel, the trial Judge simply denied the jury's request, and the testimony was not read back to the jury. There is also room for an argument that the testimony as a whole was extremely confusing because of the proliferation of the use of nicknames for all of the participants, and because of the excessive stress upon the fact that the petitioner was fonder of a victim than he was of his own brother, who was also a victim.

So far as the trial record discloses, petitioner's appointed counsel permitted all of these unfortunate developments to occur without protest or question. In short, there is room for strong arguments to the effect that petitioner's trial counsel was constitutionally inadequate in many respects.

Needless to say, at this stage I express no firm opinions on any of these subjects, but simply reiterate my view that equitable tolling should take place and that, if the appellate court agrees, the *habeas* action should proceed.

An Order follows.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.